**Gilberto Garza VELA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18480.**

United States Court of Appeals
Fifth Circuit.

June 30, 1961.

Harry D. Lewis, Brownsville, Tex., for appellant.

Robert C. Maley, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and CLAYTON, District Judge.

PER CURIAM.

The only new matter raised on appellant's petition for rehearing is a contention that the evidence is insufficient to show that the marijuana involved had been unlawfully imported into the United States. This goes only to the offense charged in Count 1 of the indictment. It is not necessary for us to consider this contention in view of the fact that the sentences of five years each imposed on Counts 1 and 2 are to run concurrently. And a sentence of five years with respect to Count 2 would be authorized.

"Since the sentences of three months each imposed by the district court on the two counts were ordered to run concurrently, it will be unnecessary to consider questions raised with respect to the first count if we find that the conviction on the second count, for violation of the curfew order, must be sustained." Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 1378, 87 L.Ed. 1774.

See also Lawn v. United States, 1958, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321.

The Petition for Rehearing should be and is

Denied.